NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FENGXIA LAI,<br><br>        Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>        Respondent. | No.   16-72323<br><br>Agency No. A200-803-595<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2019[**]
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and BATAILLON,[***]
District Judge.

Fengxia Lai, a native and citizen of the People's Republic of China, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") dismissing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

her appeal from the order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. To qualify for asylum, an applicant must show past persecution or a well-founded fear of future persecution. *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). To qualify for withholding, an applicant must show that "it is more likely than not that [s]he would be subject to persecution" because of a protected ground. *Id*. (quoting *INS v. Stevic*, 467 U.S. 407, 429–30 (1984)).

Substantial evidence supports the BIA's adverse credibility determination and its resulting conclusion that Lai failed to demonstrate eligibility for asylum or withholding of removal. In arriving at an adverse credibility determination, the IJ relied on inconsistencies in Lai's statements about her alleged attempt to participate in religious and church activities, her arrest and detention by the police, and her ownership and management of a furniture store. *See Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir. 2010) (IJ must consider "the totality of the circumstances, and all relevant factors", including, "demeanor, candor, responsiveness of the applicant or witness, the inherent plausibility of the applicant or witness's account, consistency between the applicant or witness's written and oral statements…, internal consistency of each statement, and consistency of statements with other evidence...") (alterations in original) (citing Pub. L. No. 109–13, Div. B, §§

101(a)(3), 101(c), 101(d), 119 Stat. 231, 303 (2005) (codified at 8 U.S.C. §§ 1158(b)(1)(B)(iii) (asylum); 1231(b)(3)(C) (adopting the standard in 8 U.S.C. § 1158(b)(1)(B) for withholding of removal); 1229a(c)(4)(C) (all other relief))); *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (stating that courts "afford a healthy measure of deference to agency credibility determinations," because IJs are able "to assess demeanor and other credibility cues") (internal quotation marks omitted). Absent Lai's discredited testimony, no evidence before the IJ established that she faced persecution for her religious activities, nor did Lai present any evidence, other than her testimony, of past persecution on account of her religious beliefs. Substantial evidence supports the BIA's finding that Lai lacked credibility.

2. Substantial evidence also supports the denial of CAT relief. An applicant for CAT relief must show that "it is more likely than not" that she "would be tortured." 8 C.F.R. § 1208.16(c)(2). Lai's testimony was not credible, and the country report she submitted did not compel the conclusion that she would be tortured if she returned to China. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 740–41 (9th Cir. 2014).

PETITION FOR REVIEW DENIED.